FILED'08 AUG 25 11:38USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD LOREN LECKENBY,

        Plaintiff,         Civil No. 08-642-CL

     v.                     REPORT AND
                           RECOMMENDATION
WASHINGTON COUNTY, et al.,

        Defendants.

CLARKE, Magistrate Judge.

    Plaintiff, an inmate at the Multnomah County (Inverness) Jail[1], filed this action pursuant to 42 U.S.C. § 1983 alleging "wrongful imprisonment, malicious prosecution, defamation of character, false imprisonment." Plaintiff seeks an apology from certain defendants for there part in (plaintiff's) wrongful imprisonment," (sic) and money damages.

    By Order (#4) plaintiff was advised that his civil rights complaint was properly construed as a request for habeas

---

[1]Plaintiff has been transferred to the Coffee Creek Correctional facility.

1 - REPORT AND RECOMMENDATION

corpus relief and allowed 30 days to file a petition under 28 U.S.C. § 2254.

Petitioner filed a Motion for reconsideration (#5) affirming his intent to seek civil damages from defendants and was allowed 60 days to file an amended complaint. Plaintiff was also "reminded" that a filing fee of $350 would be assessed upon the filing of an amended complaint.

On August 1, 2008, plaintiff filed an amended complaint (#7). For the reasons set forth in the court's Order (#4) and below, plaintiff's Amended Complaint (#7) should be dismissed for failure to state a claim under 42 U.S.C. § 1983.

Plaintiff names the "Oregon DOC" and Guy Hall as defendants. The Oregon Department of Corrections is immune from liability for plaintiff's claims under the Eleventh Amendment. Edleman v Jordan, 415 U.S. 651, 673 (1984); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984); Cory v White, 457 U.S. 85 (1982); Brooks v. Sulpher Springs Valley Electric Co-Op, 951 F.2d 1050, 1053 (9th Cir. 1991).

Plaintiff seeks to hold Guy Hall [2] liable because plaintiff was "held in DOC custody when (he) should have been in county. By Guy Hall under Order from Sue Upton, Sue Hornback and Steve Arntt of Washington County." Amended Complaint (#7), p. 5. Plaintiff also generally alleges that

---

[2] "Superintendent Santiam Correctional Facility O.D.O.C." Amended Complaint (#7), p. 3

2 - REPORT AND RECOMMENDATION

he was "subject to asbestos poisoning while incarcerated (at ODOC)," Amended Complaint (#7), p. 5, but has not alleged any specific facts in support of this claim.

Defendant Hall is not alleged to have participated in the alleged wrongful conduct giving rise to plaintiff's claims. Plaintiff apparently seeks to hold defendant Hall liable because he was plaintiff's custodian "under order" from other defendants. Plaintiff may be seeking to hold defendant Hall liable on a theory of respondeat superior. If so, respondeat superior is not a proper basis for liability under 42 U.S.C. § 1983. Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691-694 (1978); Rizzo v. Goode, 423 U.S. 362, 375-76 (1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

Assuming that defendant Hall can be construed as a "supervisor" for purposes of respondeat superior, a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). See also, Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff has not alleged any such facts that would give rise to defendant Hall's liability under 42 U.S.C. § 1983 on a theory of respondeat superior or otherwise.

3 - REPORT AND RECOMMENDATION

Defendant Upton is alleged to be a judge of the "Washington County District Court." Amended Complaint (#7), p. 3. Plaintiff does not make any specific allegations against defendant Upton other than a reference to "her part" in his "wrongful imprisonment" Amended Complaint (#7), p. 7

Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. Stump v. Sparkman, 435 U.S. 435, 439 (1978); Sherman v Babbit, 772 F.2d 1476, 1477 (9th Cir. 1985). This immunity is not defeated by "allegations of bad faith, personal interest or outright malevolence." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

Plaintiff has not alleged any facts against defendant Upton and the complaint indicates that plaintiff seeks to hold her liable for her judicial acts or conduct with respect to plaintiff's alleged "wrongful imprisonment." Accordingly, defendant Upton is absolutely immune from liability to plaintiff.

Defendants Hohbach and Weiner are alleged to be Deputy District Attorneys for Washington County. Prosecutors are absolutely immune from liability for their prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Babcock v. Tyler, 884 F.2d 497, 501 (9th Cir. 1989). Plaintiff's allegations against defendants Hohbach and Weiner relate to conduct in their capacities as prosecutors. Accordingly, they are absolutely immune from liability to

4 - REPORT AND RECOMMENDATION

plaintiff.

Plaintiff alleges that defendant Arntt was his "paid attourney." (sic) Amended Complaint #7), p. 6. Plaintiff alleges that defendant Arntt objected "to them not allowing the lessor included instructions. Then retracted his objection without checking law." Id.

In order to allege a claim under 42 U.S.C. § 1983, plaintiff must establish some "state action" or "conduct under color of state law." See generally, West v. Adkins, 108 S.Ct. 2250 (1988). The conduct of private parties such as attorneys, does not generally constitute action under the color of state law. Id. Public defenders do not act under the color of state law when performing a lawyer' traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312 (1981).

In this case, plaintiff's allegations regarding his "paid" attorney clearly relate to his representation of plaintiff during a criminal proceeding and fail to state a claim under 42 U.S.C. § 1983.

Based on all of the foregoing, plaintiff's Amended Complaint (#7) should be dismissed. This action should be dismissed with prejudice. Although plaintiff was allowed to proceed in forma pauperis for purposes of pursuing habeas corpus relief under 28 U.S.C. § 2254 only, and advised that a filing fee would be imposed upon the filing of an amended complaint, I find that dismissal without imposing a filing fee

5 - REPORT AND RECOMMENDATION

is appropriate under the circumstances of this case.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 25 day of August, 2008.

Mark D. Clarke
United States Magistrate Judge