FILED'08 DEC 15 10:37usdc-orm

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| RONALD LOREN LECKENBY, | ) | Civil No. 08-642-CL |
| Plaintiff, | ) | **ORDER** |
| v. | ) | |
| WASHINGTON COUNTY, et al., | ) | |
| Defendants. | ) | |

**PANNER, Judge.**

Plaintiff Ronald Loren Leckenby brings this 42 U.S.C. § 1983 action against various persons, including the judge, prosecutor, and defense counsel at his criminal trial, the director of the Department of Corrections and that agency, and Washington County. Leckenby complains mainly about events that occured during his trial, including the jury instructions, the arguments by the prosecutor, rulings by the trial judge, and decisions made by his attorney. As a remedy, Leckenby seeks damages and an apology.

On August 25, 2008, Magistrate Judge Clarke filed his Report and Recommendation (R&R). The R&R recommends that the Amended Complaint be dismissed with prejudice. Leckenby has filed objections, which I have carefully reviewed.

The matter is now before me for *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

1 - ORDER

One essential requirement of a section 1983 claim is that the defendant acted under "color of state law." The United States Supreme Court has ruled that a defense attorney at a criminal trial does not act under "color of state law" even if the attorney's fee is paid by the government under a program to provide attorneys for persons who cannot afford to hire a lawyer. Polk County v. Dodson, 454 U.S. 312, 319-22 (1981). Accordingly, the Magistrate Judge correctly concluded that Leckenby is unable to state a claim against Arntt under 42 U.S.C. § 1983.

The Magistrate Judge also was correct in concluding that the judge and prosecutor at Leckenby's trial cannot be sued for damages for the conduct alleged in the Amended Complaint. As Leckenby notes in his objections, errors or misconduct by a judge or prosecutor can result in serious harm. Nevertheless, the Supreme Court has concluded that absolute immunity from damages is essential so judges and prosecutors may perform their duties without fear of being sued by those unhappy with the outcome. Some protection is assured by the right to appeal to a higher court. In addition, a prosecutor or judge is subject to ethical rules and may be disciplined or even removed from office by the appropriate regulatory authority.

The Magistrate Judge also correctly concluded that the claims against the other defendants should be dismissed, for the reasons stated in the Report and Recommendation. I also have considered Leckenby's request for leave to file an amended complaint. However, the amendment would not change the result. Leckenby wants to make additional allegations against Washington

County. The Supreme Court has determined that "municipal liability"--which includes § 1983 claims against a county--is permitted only in certain very limited circumstances. See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397 (1997). The facts described by Leckenby do not implicate such a circumstance.

### Conclusion

Magistrate Judge Clarke's Findings and Recommendation (docket # 9) are adopted. This action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this __17__ day of December, 2008.

					Owen M. Panner
					United States District Judge

3 - ORDER